IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATTI JANELL MARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:20-cv-51-JTA |
| ) | |
| KILOLO KIJAKAZI, ) | (WO) |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), the claimant, Patti Janell Marshall ("Marshall"), brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.) [2] The Commissioner denied Marshall's claim for a period of disability and Disability Insurance Benefits ("DIB"). (R. 28.) The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 8, 9.)

After careful scrutiny of the record and the briefs submitted by the parties, the Court finds that the decision of the Commissioner is due to be AFFIRMED.

---

[1] Under Federal Rule of Civil Procedure 25(d), the Court substitutes Kilolo Kijakazi, the acting Commissioner of the Social Security Administration, for Andrew Saul, the former Commissioner.

[2] Document numbers, as they appear on the docket sheet, are designated as "Doc. No."

## I.   PROCEDURAL HISTORY AND FACTS

Marshall was born on May 9, 1969, and was 49 years old at the time of the administrative hearing held on September 6, 2018. (R. 41, 152.) She completed one year of college. (R. 41.) She previously worked as a housekeeper, deli worker, collections clerk, food service manager, kitchen supervisor, prep cook, and assistant manager at a hardware store. (R. 41-45.) She alleged a disability onset date of December 3, 2016, due to manic depression, post-traumatic stress disorder, anxiety, diabetes, hypertension, and a thyroid issue. (R. 15, 167.)

On December 19, 2016, Marshall applied for a period of disability and DIB under Title II of the Social Security Act ("the Act") (42 U.S.C. §§ 401, *et seq*.). (R. 15, 152, 177.) Her application was denied on March 6, 2017 (R. 74), and she requested an administrative hearing (R. 82).

Following an administrative hearing, the Administrative Law Judge ("ALJ") denied Marshall's request for benefits in a decision dated January 30, 2019. (R. 15-28.) Marshall requested review by the Appeals Council. (R. 7.) On December 5, 2019, the Appeals Council denied the request for review and the decision by the Commissioner became final. (R. 1.) On January 21, 2020, Marshall filed the instant action appealing the decision of the Commissioner. (Doc. No. 1.)

## II.   STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

2

"The Commissioner's factual findings are conclusive" when "supported by substantial evidence." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence. *Id*. at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210. However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

### III.   STANDARD FOR DETERMINING DISABILITY

An individual who files an application for Social Security DIB must prove that she is disabled. *See* 20 C.F.R. § 404.1505. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is a work activity that involves significant physical or mental activities. 20 C.F.R. § 404.1572(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id*. Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d). If the claimant has failed to establish that she is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work,

then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1). In this final analytical step, the ALJ must decide whether the claimant can perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

## IV. ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process the ALJ found that Marshall had earnings from substantial gainful activity for the second quarter of 2017 and the first quarter of 2018, which resulted from her unsuccessful attempts to work after her alleged onset date of December 3, 2016. (R. 17.) The ALJ also found that Marshall has the following severe impairments: bipolar disorder, depression, anxiety, diabetes mellitus, neuropathy, obesity, hypertension, and osteoarthritis. (R. 18.) The ALJ concluded however that Marshall's severe impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18-20.)

After consideration of the entire record, the ALJ determined that Marshall retains the RFC to perform light work[3] as defined in 20 C.F.R. § 404.1567(b). (R. 20.) The ALJ found the following workplace limitations applicable to Marshall:

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of

> [She] can frequently balance, stoop, kneel, crouch, crawl and climb ramps and stairs. She can occasionally climb ladders, ropes, and scaffolds. [She] can tolerate occasional exposure to extreme heat or cold. She is precluded from work around unprotected heights or dangerous machinery. [She] can perform simple, routine, repetitive tasks and have occasional interaction with the general public and co-workers. She is able to sustain concentration and attention for two-hour periods.

(*Id.*)

Based upon the testimony of a vocational expert ("VE"), the ALJ determined that Marshall was precluded from performing any past relevant work. (R. 26.) The ALJ also found that based upon Marshall's age, education, work experience and RFC, there are jobs that exist in "significant numbers in the national economy" that she can perform, and therefore she was not disabled as defined by the Act. (R. 27.) The ALJ further found that Marshall could work as a marker, mail clerk or car checker. (R. 27.) The ALJ concluded that Marshall had not been under a disability from December 3, 2016, through January 30, 2019. (R. 27-28.)

## V.   DISCUSSION

Marshall presents three arguments on appeal. First, Marshall argues the ALJ erred in giving no weight to the alleged medical opinions of three physicians excusing her from work during certain periods of her employment. (Doc. No. 12 at 7-8.) Second, Marshall argues the ALJ did not pose complete hypotheticals to the VE. (*Id*. at 11.) Third, Marshall argues the ALJ's RFC finding is not based upon substantial evidence. (*Id*. at 13.)

The Court evaluates each of Marshall's arguments below.

---

performing a full or wide range of light work, you must have the ability to do substantially all of these activities . . . ." 20 C.F.R. § 404.1567(b).

A. Medical Excuses

Marshall claims that the ALJ erred by giving no weight to the medical excuses she received from three of her treating physicians during her employment and by not considering the cyclical absenteeism caused by her bipolar disorder. (Doc. No. 12 at 8-9.) Marshall argues that the excuses were from treating physicians and should have been given "substantial or considerable weight unless good cause is shown to the contrary." (*Id.* at 7 (quoting *Phillips*, 357 F.3d at 1240).) She argues that because the excuses were silent as to her ability to perform the duties of previous jobs, the ALJ should not have limited their applicability to the work from which she was excused. (*Id.* at 8.) She also states that the medically related absences are a hallmark of her bipolar disorder and points to Eleventh Circuit precedents which recognize the day-to-day, week-to-week, or month-to-month uncertainty that a chronic illness such as bipolarism imposes upon one's ability to work. (*Id*. at 8-9 (quoting *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1267-68 (11th Cir. 2019)).) Marshall further contends that the ALJ's decision to give the excuses no weight is an improper substitution of her own opinion for those of treating medical professionals and violates numerous Eleventh Circuit precedents. (*Id*. at 9-10.)

The Commissioner responds that the medical excuses referenced by Marshall are not medical opinions, but are merely work excuses which have no bearing on her ability to perform work and thus do not impact her RFC. (Doc. No. 13 at 4.)

The record before the Court includes documentation from three separate medical sources excusing Marshall from work on separate occasions. The first medical source to excuse Marshall was treating psychiatrist Dr. Leona Graham ("Dr. Graham"). Dr. Graham

7

issued a work excuse for Marshall on August 3, 2017. (R. 684.) Dr. Graham explained that Marshall had been under her care since 2016 and should be excused from work through August 10, 2017, due to a "flare-up of her medical condition." (R. 684.) The second medical source to issue a work excuse for Marshall was surgeon Dr. Bradley Marker ("Dr. Marker"). Dr. Marker issued an excuse for Marshall for March 23, 2018 to April 12, 2018. (R. 685.) Marshall testified Dr. Marker excused her from work to recuperate after undergoing an outpatient procedure unrelated to her mental health.[4] (R. 47-48.) The third medical source was Dr. Fernando Lopez ("Dr. Lopez"), a psychiatrist with Spectracare where Marshall began treatment in April 2018. (R. 38-39, 48.) Dr. Lopez issued three excuses for Marshall covering the period from April 11, 2018 through June 21, 2018. (R. 686-88.) Marshall gave conflicting testimony regarding her treatment by Dr. Lopez. She initially stated that she did not meet personally with Dr. Lopez and that his nurse issued the work excuses. (R. 39-40.) She later testified that she met with Dr. Lopez twice. (R. 48.)

The ALJ gave multiple reasons for assigning no weight to the excuses. The ALJ noted that the excuses were "temporary in nature and concerning limited periods of time." (R. 25.) The ALJ also noted the excuses were "given with respect to [Marshall's] previous job duties, rather than her [RFC]" and "there [was] no indication the limitations given lasted or were expected to last 12 months or more." (*Id.*) Finally, as for the three excuses issued by Dr. Lopez, the ALJ determined that the lack of treatment records after the date

---

[4] Marshall does not acknowledge that the excuse for recuperation after a surgical procedure has no bearing on her argument.

8

of the first excuse in April 2018, coupled with Marshall's testimony that she obtained the excuses from Dr. Lopez's nurse, demonstrate that the excuses were based upon "subjective complaints to the nurse over the phone rather than on mental assessment or evaluation." (R. 25.)

The record reflects the ALJ thoroughly explained her reasons for discounting Marshall's medical excuses and the ALJ's conclusions are supported by substantial evidence. As the Commissioner correctly argues, the work excuses are not opinions from treating physicians because they do not assess Marshall's functional limitations. Agency regulations define "medical opinions" as "statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Under this definition, the ALJ correctly assigned no weight to the excuses, as they are not medical opinions but are simply requests that Marshall be excused from work for the stated period of time.[5] The excuses offer no information regarding the nature of Marshall's incapacities, the symptoms for the same, or the appropriate treatment. Moreover, none of the excuses indicated that Marshall could never return to work or excused her for working indefinitely for medical reasons. Additionally, Marshall's subjective statements to Dr. Lopez's nurse in order to secure the excuses are not acceptable bases for a medical opinion. *Crawford*, 363 F.3d at 1159-60; *Lacina v. Comm'r, Soc. Sec.*

---

[5] Notably, Marshall provided no case law which directly supports her argument that medical excuses constitute medical opinions.

9

*Admin.*, 606 F. App'x 520, 528 (11th Cir. 2015) (ALJ correctly discredited opinion from psychiatrist who examined claimant once and relied heavily on claimant's subjective complaints related to mental functioning).  Accordingly, the Court finds no reversible error.

    B.  Hypotheticals Posed To Vocational Expert

Marshall asserts the ALJ posed incomplete hypotheticals to the VE because the ALJ did not include the limitations imposed by her bipolar disorder, particularly "the cyclical nature that would cause absenteeism."  (Doc. No. 12 at 11.)  She also asserts the hypotheticals posed to the VE did not accurately describe all of her mental restrictions and cites *Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042 (11th Cir. 2020) as support for her argument.  (*Id*. at 12.)  Marshall argues the VE's testimony is incomplete and the ALJ's reliance on said testimony is improper.  (*Id*.)

The Commissioner responds that the hypotheticals included the limitations that are supported by the record in this case.  (Doc. No. 13 at 7-8.)  The Commissioner contends that Marshall does not cite any opinion evidence which supports her claim that absenteeism is a major factor in her alleged inability to work.  (*Id*. at 8.)  The Commissioner further contends that Marshall did not ask the VE to consider absenteeism as a disqualifying factor in the jobs that he listed during the hearing.  (*Id*.)

    The ALJ asked the VE to determine the available work for an

> individual of [Marshall's] age, education and vocational experience.  The individual can perform light work.  Can frequently balance, stoop, kneel, crouch, crawl and climb ramps and stairs.  Occasionally climb ladders, ropes and scaffolds.  Occasional exposure to extreme heat and cold.  No work at unprotected heights or dangerous machinery.  Can perform unskilled work, simple, routine and repetitive tasks.  Occasional interaction with the general

public and co-workers.  Can sustain concentration and attention for two-hour periods.

(R. 60.)  The ALJ then posed a second hypothetical by asking the VE to

assume an individual of [Marshall's] age, education and vocational experience.  The individual still has the same limitations for a physical standpoint as noted in hypothetical number one.  That's light work with the other postural and non-exertional physical restrictions.

But from the mental health standpoint, the individual while performing simple, routine, repetitive tasks is not able to respond appropriately to changes within the workplace setting, or workplace pressures, or maintain concentration and attention for even two hour periods.

(R. 61.)  The VE opined that the individual in the second hypothetical could not perform any work.  (*Id*.)  However, while the individual in the first hypothetical could not perform Marshall's past work, the VE identified three jobs in the national economy such a person would be able to perform.  (R. 60-61.)  The VE listed marker, non-postal mail clerk and car checker.  (R. 60-61.)

In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' " Social Security Ruling 96-8P, 1996 WL 374184 at *5; *see also Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; *Reeves v. Heckler*, 734 F.2d 519, 525 (11th Cir. 1984)).  A VE's testimony constitutes substantial evidence when the ALJ poses a hypothetical containing all of the claimant's impairments.  *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).  An ALJ is not required to fashion a hypothetical that is not supported by the record.  *Crawford*, 363 F.3d at 1161.

The Eleventh Circuit has addressed the episodic nature of bipolar disorder in three decisions. In *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019), the Circuit recognized that "the episodic nature of" bipolar disorder must be considered by an ALJ. The Circuit found an ALJ's step two determination that bipolar disorder was not severe unsupported by substantial evidence in light of the "episodic nature of" the disorder and the evidence of record that showed the disorder had more than a minimal effect on the claimant's ability to work. *Id*. Because the RFC assigned by the ALJ did not reflect any mental limitations, the Circuit found that the ALJ "evidently failed" to consider the mental impairments, including bipolar disorder, at step four. *Id*. at 1269-70. The Circuit thus, *inter alia*, reversed the district court's decision on those issues and remanded the case. *Id*. at 1270.

The following year, in *Samuels*, the episodic nature of bipolar disorder again was at issue in the Circuit. The ALJ found bipolar disorder was severe at step two but then "nowhere indicated that medical evidence suggested [the claimant's] ability to work was affected by that impairment." *Samuels*, 959 F.3d at 1047. "Nor did any of the hypothetical restrictions implicitly account for [the claimant's] mental limitations as reflected in the record." *Id*. "In particular," the ALJ failed to "account for unexcused absences or time spent off-task, which were limitations caused by [the claimant's] bipolar disorder that were reflected in the record." *Id*. Hence, the Circuit vacated and remanded the matter, directing the Commissioner to "account for the episodic nature of [the claimant's] bipolar disorder in determining her RFC and whether there are jobs in the national economy that [the claimant] can perform." *Id*.

Last month, the Circuit addressed bipolar disorder in *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094 (11th Cir. 2021). In *Simon*, the claimant stated that he was disabled due to various psychiatric conditions, which included chronic depression, anxiety, and bipolar disorder. *Id*. at 1097. In reaching the decision to deny the claimant's claim for benefits,

> the ALJ gave little or no weight to three pieces of evidence in the record indicating that [the claimant's] mental illness prevents him from maintaining a job: (1) the opinions of [the claimant's] treating psychiatrist, (2) the opinions of a consulting psychologist who examined [the claimant] at the request of the SSA, and (3) [the claimant's] own testimony as to the severity of his symptoms.

*Id*. The ALJ relied upon "snapshot" reports of stability and progress by treating physicians to discount their opinions of disability as inconsistent with the medical record. *Id.* at 1106-07. Following *Schink*, the Circuit restated its caution that "people with chronic diseases can experience good and bad days," and that treatment notes indicating "only mild limitations" should not be dismissed "simply because 'some of [the claimant's] mental-status examinations were better than others.' " *Id*. at 1106 (quoting *Schink*, 935 F.3d at 1262). The Circuit concluded "that the ALJ did not articulate adequate reasons for discounting this evidence, which provided support for a finding of disability," thus the Circuit remanded the matter for further proceedings. *Id*. at 1097. The Circuit did not address the claimant's RFC.

Here, Marshall's argument fails. As the Commissioner argues, Marshall does not direct the Court to any opinion which cites absenteeism as an essential workplace accommodation. In addition, Marshall does not cite to any portion of the record which

13

supports her contention that she was restricted in terms of attending work due to her bipolar disorder. To the extent Marshall argues the ALJ did not account for absenteeism, Marshall does not establish that this limitation is reflected in the record. Further, unlike *Schink* and *Samuels*, the ALJ's decision in the instant case reflects appropriate consideration of Marshall's bipolar disorder and accounts for her mental limitations in the RFC. The ALJ found Marshall's bipolar disorder to be a severe impairment at step two; discussed in detail her mental limitations, medical records, and opinion evidence; and assigned an RFC to Marshall that included the mental limitations of performing "simple, routine, repetitive tasks[;] occasional interaction with the general public and co-workers[;] [and] . . . [the ability] to sustain concentration and attention for two-hour periods." (R. 18-26.) The ALJ also posed hypotheticals to the VE which included these mental limitations.[6] (R. 60.) Consequently, the Court finds no reversible error in the hypotheticals to the VE and the ALJ's reliance on the VE testimony is based on substantial evidence. *See Nixon v. Kijakazi*, 6:20-cv-957-JRK, 2021 WL 4146295, at * 6 (M.D. Fla. Sept. 13, 2021) (distinguishing *Schink* where the ALJ's decision accommodated the claimant's bipolar disorder by limiting the RFC to simple tasks, simple work-related decisions and occasional interaction with the public); *also Figueroa v. Comm'r of Soc. Sec.,* No. 6:20-CV-470-DCI, 2021 WL 4148264, at *2 (M.D. Fla. Sept. 13, 2021) (finding the ALJ addressed the episodic nature of the claimant's mental health conditions). Marshall is essentially urging the Court to reweigh

---

[6] Although the ALJ noted Marshall's history of absenteeism due to depression and mania associated with bipolar disorder, the ALJ highlighted the absence of objective medical records which supported the inclusion of absenteeism as a major factor in her ability to work. (R. 25.)

the evidence, which is not this Court's function. *Winschel*, 631 F.3d at 1178. The Court does not find any reversible error on this issue.

    C.    Marshall's RFC

Marshall asserts as her final issue that the ALJ's RFC determination is not supported by substantial evidence because it is inconsistent with the medical opinion of Dr. Joanna Koulianis ("Dr. Koulianis").[7] (Doc. No. 12 at 12-13.) Marshall contends the ALJ accepted Dr. Koulianis' opinion that she was limited to "only short and simple instructions," but the ALJ erroneously limited her to "simple routine tasks." (*Id*. at 13.) Marshall argues "[i]nstructions and tasks are two different things." (*Id*.) Marshall therefore contends the ALJ "improperly evaluated Dr. Koulianis' opinion." (*Id*. at 14.) Marshall further contends the ALJ does not explain why she rejected this portion of Dr. Koulianis' opinion in assessing her RFC and thus remand is warranted. (*Id*. at 14-15.)

The Commissioner responds that Dr. Koulianis' opinion was considered by the ALJ, who is responsible for assessing a claimant's RFC. (Doc. No. 13 at 10) (citing 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c).) The Commissioner also argues that the ALJ need not "expressly" reject Dr. Koulianis' opinion regarding Marshall's abilities because "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [a] decision, so long as the ALJ's decision enables the district court to conclude that the ALJ considered the claimant's medical condition as a whole." (Doc. No. 13 at 12 (quoting

---

[7] Marshall again raises the issue of whether the ALJ's RFC finding is appropriate for a worker for whom absenteeism will be an issue due to bipolar disorder. The Court addressed this contention in Part V.B (above).

*Adams v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 531, 533 (11th Cir. 2014).) The Commissioner rejects Marshall's argument that, due to her limitation to simple, routine and repetitive tasks, she cannot execute tasks with "detailed or lengthy instructions." (*Id*. at 11-12.) On this point, the Commissioner asserts that Marshall only speculates that the identified jobs will exceed her RFC. (*Id*.)

Marshall replies that the jobs identified during the hearing require reasoning skills in excess of her abilities, as set forth in the ALJ's hypothetical. (Doc. No. 17 at 2-3.) Marshall notes the ALJ found she could perform the jobs of marker, mail clerk and car checker, but argues those jobs require her to carry out "detailed but involved written or oral instructions" or "instructions furnished in written, oral, or diagrammatic form." (*Id*. at 2-3.) She states that she is limited to a job which has a Dictionary of Occupational Titles ("DOT") level one reasoning and could not perform the job of marker (DOT level two reasoning), mail clerk (DOT level three reasoning), or car checker (DOT level three reasoning). (*Id*.)

Marshall's arguments miss the mark. Dr. Koulianis found that Marshall is able to understand, remember and to carry out short and simple instructions and/or tasks, but not those that are more detailed or complex. (R. 72.) The ALJ explicitly explained why she accorded Dr. Koulianis' opinion partial weight, stating

> In viewing the evidence in the light most favorable to [Marshall], the undersigned found [she] had a moderate limitation in the area of understanding, remembering or applying information as well. The [RFC] opinion is also generally consistent with [Marshall's] continued work activities after the alleged onset date. However, there is no medical support given for the limitations regarding non-intense interaction or tactful and supportive supervision. In fact, [Marshall] testified that when a supervisor

>asks her to perform tasks outside of her usual work duties, she performs the tasks.

(R. 25.) The ALJ found Dr. Koulianis' RFC to be "generally consistent with [Marshall's] continued work activities after the alleged onset date" and that Marshall had demonstrated an ability to perform tasks outside of her usual work duties when requested. (R. 25, 56.) Thus, contrary to Marshall's assertion, the ALJ explained why she rejected this portion of Dr. Koulianis' opinion in assessing Marshall's RFC. *Moore v. Soc. Sec. Admin., Comm'r*, 649 F. App'x 941, 944-45 (11th Cir. 2016) (affirming ALJ's RFC finding based on demonstrated consideration of the entire record and symptoms that were consistent with the objective medical evidence of record).

Further, Marshall's assertion that there is a conflict between the DOT's description of jobs requiring level two reasoning and an RFC limitation to simple, routine, repetitive tasks is incorrect. In *Peterson v. Comm'r of Soc. Sec.*, No. 21-10086, __ F. App'x __, 2021 WL 3163662, at *3 (11th Cir. July 27, 2021), the Eleventh Circuit found "there [is] no apparent conflict between an RFC limitation to simple, routine, repetitive tasks and the DOT's description of jobs requiring level two reasoning." Because the ALJ found Marshall could complete the job of marker which requires DOT level two reasoning, and this job is not inconsistent with her RFC, the Court finds no reversible error. *See Valdez v. Comm'r of Soc. Sec.*, 808 F. App'x 1005, 1009 (11th Cir. 2020) (indicating that an RFC limitation to simple, routine, repetitive tasks does not conflict with a level three reasoning requirement).

Finally, Marshall did not challenge the VE's testimony during her hearing (R. 61-62) and has not established her inability to perform these jobs. *See Chambers v. Comm'r, Soc. Sec*. 662 F. App'x 869, 874 (11th Cir. 2016) (holding that substantial evidence supported the ALJ's reliance on VE testimony where claimant did not question the VE regarding any inconsistency between claimant's RFC and identified occupations).

In short, Marshall's arguments on appeal are unavailing. The Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Applying this standard of review, the Court concludes the Commissioner's decision is due to be affirmed.

## VI. CONCLUSION

After review of the administrative record, and considering all of Marshall's arguments, the Court finds the Commissioner's decision to deny her disability is supported by substantial evidence and is in accordance with applicable law. Accordingly, it is hereby

ORDERED that the decision of the Commissioner is AFFIRMED.

A separate judgment will be issued.

DONE this 30th day of September, 2021.

*/s/ Jerusha T. Adams*
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE